

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. B. Hutchinson
County Auditor
Bowie County
Boston, Texas

Dear Sir:

Opinion No. 0-6679
Re: Authority of the County Auditor
of Bowie County to make certain
deductions from the salary
checks of County Officers under
the facts stated below.

Your letter of a recent date requesting an opinion
from this Department is, in part, as follows:

"The Commissioners Court passed order di-
recting all County Officies to be open to the Public
Six - 8 hour days per week. If the Officers refuse
to follow this order, as County Auditor will it be
legal for me to deduct the time Office is closed
short of the 48 hr per week from salary check."

In 34 Texas Jurisprudence, 513, 514, it is stated:

"The salary or emoluments are incident to the
title to the office and not to its occupation or
the performance of official duties. In order to
recover the amount, the officer is not required to
show that he has discharged the duties of the of-
fice, nor is he precluded from recovering by the
fact that he has been wrongfully deprived of the
right to perform the services or that another per-
son has performed them. Thus an officer who has
been wrongfully removed from office may recover
the salary or emoluments of the office; and an
officer de jure may recover the amount from a de
facto officer to whom the money has been paid."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. B. Hutchinson, page 2

This Department has repeatedly held that the Commissioners' Court is a court of limited jurisdiction and has only such powers as are conferred upon it by the statutes and Constitution of this State either by express terms or by necessary implication. Section 18 of Article V of the Texas Constitution, Article 2351, Vernon's Annotated Civil Statutes; Van Rosenberg v. Lovett, 173 S. W. 508; Miller v. Brown, 216 S. W. (2d) 479; Galveston, H. & S. A. Ry. Co. v. Uvalde County, 167 S. W. (2d) 1084; 11 Texas Jurisprudence 564.

Although Section 10 of Article XVI of our State Constitution provides that "The Legislature shall provide for deductions from the salaries of public officers who may neglect the performance of any duty that may be assigned them by law," we know of no provision in the Constitution or statutes of this State requiring county offices to be open to the public for any specific time other than for a reasonable time. Nor do we know of any provision in the Constitution or statutes of this State authorizing the Commissioners' Court to pass an order requiring county offices to be open to the public six 8-hour days (or 48 hours) per week.

The County Auditor has only such powers and duties as are conferred upon him by the laws of this State and we know of no provision which gives the County Auditor the power or duty to deduct from the salary check (an incident to the office) of a county officer any amount for the reason that said officer failed to keep his office open to the public six 8-hour days (or 48 hours) per week.

In view of the foregoing it is the opinion of this Department that your question should be answered in the negative, and it is so answered.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By J. C. Davis, Jr.
J. C. Davis, Jr.
Assistant

By John Reeves
John Reeves

JR/JCP



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN